UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON,
No. 753595,

    Plaintiff,　　　　　　　　　　　　　　　　Civil No. 2:23-cv-10094
v.　　　　　　　　　　　　　　　　　　　　　　Hon. Sean F. Cox

J. POUPARD, *ET AL.*,

    Defendants.
_____/

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT (ECF No. 8)**

The Court denied leave to proceed in forma pauperis and dismissed Plaintiff's 42 U.S.C. § 1983 civil rights complaint under 28 U.S.C. § 1915(g) because Plaintiff is a three-striker, and the complaint fails to allege an imminent danger of physical harm. (ECF No. 6.) Before the Court is Plaintiff's motion to alter or amend the judgment, asserting that the Court ignored his allegations of imminent danger. (ECF No. 8.)

Plaintiff is a state inmate incarcerated at the G. Robert Cotton Correctional Facility. The complaint claims that six corrections officers, in retaliation for Plaintiff filing a grievance, searched his cell and destroyed some of his legal papers. Plaintiff asserts that the shakedown of his cell was so distressing that it caused him chest pains, labored breathing, and choking sensations – all of which he fears may eventually lead to a heart attack. (ECF No. 1, PageID.8.)

A motion to alter or amend judgment will generally be granted only if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to

1

raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018)(quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008)(additional quotation omitted)).

As explained in the order dismissing the case, under the Prisoner Litigation Reform Act of 1995, a federal court may dismiss a case if on three or more previous occasions a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim. 28 U.S.C. § 1915(g); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999). An exception to this rule exists where the plaintiff alleges that he is in imminent danger of serious physical injury. *See Clemons v. Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003).

Plaintiff, a prolific filer, has attempted on several prior occasions to argue, as he does here, that the alleged unconstitutional behavior forming the basis of his complaint is so upsetting that it might result in some form of serious physical harm. In another one of Plaintiff's recent cases, the Sixth Circuit rejected this line reasoning:

> In his complaint, Johnson alleged that he cannot stop thinking about the loss of his personal property and that his thoughts have resulted in severe chest pain, migraines, and emotional distress—all posing a serious threat to his physical health. But these ailments that Johnson allegedly experiences do not satisfy the serious-physical-injury requirement. *See Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019) ("Chest pains, muscular restlessness, seizures, vomiting, stomach cramps, and dizziness can cause discomfort and pain, to be sure. But they are typically temporary and rarely life threatening."). And Johnson's claim that he is at risk of death from a heart attack because of these ailments is not plausible.

*Johnson v. Corr. Officer Serminski, MDOC*, No. 22-1256, 2022 U.S. App. LEXIS 35921 (6th Cir. Dec. 29, 2022).

The same reasoning holds true here. Plaintiff's complaint makes no plausible allegation that the shakedown of his cell and destruction of legal papers might result in him suffering a heart attack. The Court did not make a clear error of law, nor will granting Plaintiff's motion

2

prevent manifest injustice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to alter or amend the judgment is **DENIED**.

        s/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: August 9, 2023

I hereby certify that a copy of the foregoing document was served upon counsel and/or the parties of record on August 9, 2023, by electronic and/or ordinary mail.

        s/J. McCoy
        Case Manager